# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

_____ )
)
STANLEY DESMESMIN,                )
)                    Civil Action No.:
    Plaintiff,                    )
)
v.                               )
)
CITY OF BOSTON, MASSACHUSETTS )
)
    Defendant.                   )
_____ )

## COMPLAINT
## COMPENSATORY, INJUNCTIVE AND DECLARATORY RELIEF REQUESTED

### I.    INTRODUCTION

1.    Plaintiff Stanley Desmesmin is a minority Boston police officer who took and passed the 2008 Boston Police Lieutenants' promotional exam.  Despite achieving a high passing score, Desmesmin was not promoted to the rank of lieutenant until March 29, 2014.  The delay in Desmesmin's promotion, and resulting loss of earnings and seniority, was the result of disparate impact racial discrimination in violation of Title VII of the Civil Rights Act of 1964 and Mass. Gen. Laws ch. 151B,

2.    Indeed, this action raises identical issues as those raised in Smith v. City of Boston, Civil Action No. 12-10291-WGY (D. Mass.), in which the court has already ruled, twice, that the 2008 Boston police lieutenant's examination had a disparate impact on minority test takers and was not valid in that it was not sufficiently related to a business necessity, and, therefore, resulted in disparate impact racial discrimination in violation of both Title VII and

M.G.L. c. 151B.  Smith v. City of Bos., 144 F. Supp. 3d 177, 200, 211 (D. Mass. 2015), on

reconsideration, 267 F. Supp. 3d 325 (D. Mass. 2017).

3.      The doctrine of res judicata applies to the ruling in Smith and requires that a

ruling in Desmesmin's favor be entered on the question of Defendant's liability in this action.

4.      Desmesmin filed a timely complaint of discrimination with the Massachusetts

Commission Against Discrimination ("MCAD") and subsequently received a right-to-sue letter

from MCAD on August 28, 2019, exhausting his administrative remedies and making his

disparate impact racial discrimination claims ripe for judgment in this Court.

5.      Desmesmin, therefore, now seeks appropriate injunctive and compensatory relief

as described herein.

II.      JURISDICTION

6.      This Court has jurisdiction over this case under 28 U.S.C §§ 1331 and 1343 in

that this case arises under the laws of the United States of America, including particularly, Title

VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000(e), as amended.  The Court has

supplemental jurisdiction over pendent claims pursuant to 28 U.S.C. § 1367(a).

III.      PARTIES

7.      Plaintiff Stanley Desmesmin is an adult resident of Medfield, Massachusetts.  He

has been a Boston Police Officer since 1985, was promoted to Police Sergeant in 1996, and has

served as a Police Lieutenant since his promotion on March 29, 2014.  In 2008 he took the

Boston Police Lieutenants' promotional exam and received a score of 87.

8.      The Defendant, City of Boston, is a duly incorporated municipality of the

Commonwealth of Massachusetts.  It runs and operates a large urban Police Department, and it

makes promotions in the Boston Police Department pursuant to M.G.L. ch. 31, the state Civil

Services Law.

IV.    <u>STATEMENT OF FACTS</u>

9.    Desmesmin is black (Haitian) who, serving as a police sergeant for the City of

Boston Police Department at the time, took and passed the 2008 Boston Police Lieutenants'

promotional examination.

10.    The promotional process for becoming a lieutenant on the Boston Police

Department is follows:  First, the Boston Police Department, in conjunction with the

Commonwealth of Massachusetts, Human Resources Division announces that there will be a

Boston Police Lieutenants' promotional exam.  In 2008, as well as in prior years, the exam

consisted of approximately 100 multiple choice questions which were taken almost verbatim

from texts and other written materials which relate to police work or supervision.

11.    Each individual taking the examination received a score based on the number of

correct answers, scaled to 100 possible points.  To be considered at all for a promotion, one must

have attained a passing score of 70.  The final score consisted of the results of the written

multiple choice exam (which was based upon rote memory and taken directly from texts), and

several points may be added or subtracted based upon one's years of service and educational

background, but no points are added for relevant forms of experience, including military service.

12.    The final scores are then used to rank each candidate in order of their score on the

examination.

13.    Promotions to the position of Boston Police Lieutenant are then made by the

defendant in strict rank order based upon one's rank on the promotional list.

14.     For at least 35 years, the Boston Police Department, as well as all experts in the field, have been aware that such multiple choice rote memory examinations have a severe disparate impact on minority test takers, including African-Americans.  As the court ruled in Smith, the evidence is overwhelming that such examinations are not valid under appropriate federal and state EEOC guidelines, in that they are not job related – or predictive of actual ability to do the job.  Further, there are many less discriminatory testing procedures which are equally or more valid as predicting job abilities, and which have a far less discriminatory impact on minority candidates.

15.     Thus, as a direct result of the Boston Police Department's use of written multiple choice examinations, the number of Boston Police Lieutenants who are African-American is far below the number of African-American Police Lieutenants that would be expected to be promoted had there been a fair lieutenants' promotional examination procedure that did not have such a severe disparate impact upon minority officers.

16.     On average, minorities scored 6.6 points lower than non-minority officers on the 2008 lieutenant's examination.  Smith, 144 F. Supp. 3d at 198–99.

17.     In total, 28 out of 65 non-minority officers who took the 2008 police lieutenant's examination were promoted, while only 5 out of 25 minorities who took the 2008 exam were promoted.

18.     Moreover, because the test was used as a rank-order device, promotions of minorities, including Desmesmin, were significantly delayed when compared to non-minority officers.

19.     The average date of promotion for non-minority applicants was November 18, 2011.  On average, however, minorities experienced a delay of 750 days before they were

promoted, causing significant loss in pay and seniority.  Smith, 144 F. Supp. 3d at 199 ("The adverse impact for delay in promotions for the 2008 exam was an average of 750 additional days").

20.     Thus, even though Desmesmin was eventually promoted, without the use of a discriminatory exam, Desmesmin would have been promoted years earlier.

V.      EXHAUSTION OF ADMINISTRATIVE REMEDIES

21.     On July 12, 2019, Desmesmin timely filed a charge of discrimination with MCAD.

22.     The plaintiffs in Smith v. City of Boston filed their class action complaint challenging the 2008 lieutenant's examination on February 14, 2012.  See Smith v. City of Boston, No. 12-10291 (D. Mass.) at ECF No. 1.  The lawsuit was filed on behalf of a class consisting of minorities who took the 2008 Boston police lieutenant's promotional exam.  On March 25, 2014, the Court denied Plaintiffs' motion for class certification without prejudice and the parties understood that the Court wished to revisit this issue after addressing the merits.  ECF No. 70.

23.     Prior to a trial on damages, on June 13, 2019, the Court denied the plaintiffs' renewed motion for class certification with prejudice, but indicated that individuals would now be permitted the opportunity to intervene in the case.  ECF No. 264.

24.     Pursuant to Am. Pipe & Const. Co. v. Utah, 414 U.S. 538, 553 (1974) and Crown, Cork & Seal Co. v. Parker, 462 U.S. 345, 354 (1983), the claims of a putative class member, such as Desmesmin, were tolled from the filing of the class action complaint until the court denied class certification with prejudice.

25.     Similarly, the time for filing a charge of discrimination was tolled until there a final ruling on class certification was issued. Womack v. United Parcel Serv., Inc., 311 F. Supp. 2d 492, 495 (E.D.N.C. 2004) (citing Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 398 (1982)); Sharpe v. Am. Exp. Co., 689 F.Supp. 294, 299 (S.D.N.Y.1988) (holding that time period for filing EEOC charge of discrimination tolled until class certification denied); Yee v. Massachusetts State Police, 481 Mass. 290, 299, 121 N.E.3d 155, 163–64 (2019) (same tolling applies under M.G.L. c. 151B).

26.     Thus, Desmesmin's deadline for filing his charge with MCAD was tolled from February 14, 2012 to June 13, 2019.

27.     The last group of promotions made from the 2008 exam occurred in November 2014.  Desmesmin's charge, therefore, was filed with MCAD well within the 300-day filing deadline.

28.     On August 28, 2019, Desmesmin received a private right-to-sue letter from MCAD.

## VI.     THE DOCTRINE OF RES JUDICATA APPLIES TO DESMESMIN'S CLAIMS

29.     The doctrine of res judicata requires "(1) a final judgment on the merits in an earlier suit, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two suits."  In re Iannochino, 242 F.3d 36, 43 (1st Cir. 2001).  All of those criteria are present here.

30.     After a three-week trial on the merits of the plaintiffs' claims under Title VII and M.G.L. c. 151B, Judge William G. Young held that the 2008 Boston Police Lieutenants' Promotional Exam had a disparate impact on minority test takers and was not valid in that it was not sufficiently related to a business necessity, and, therefore, resulted in disparate impact racial

discrimination in violation of both Title VII and M.G.L. c. 151B.  Smith, 144 F. Supp. 3d at 200,

211.

33.     Judge Young reaffirmed ruling on liability following an order from the First

Circuit to reconsider his ruling in light of the First Circuit ruling in Lopez v. City of Lawrence,

823 F.3d 102 (1st Cir. 2016).  See Smith v. City of Bos., 267 F. Supp. 3d 325, 326 (D. Mass.

2017).

32.     On April 17, 2019, the First Circuit denied the City's petition for interlocutory

review of Judge Young's rulings on liability, thus, there is a final ruling on the merits in an

earlier lawsuit.  Smith v. City of Boston, Appeal No. 17-8030.

33.     Desmesmin's cause of action is identical to that of the plaintiffs in Smith.

34.     The parties are sufficiently identical given that the City was the defendant in

Smith and had an ample opportunity to present its case on liability before Judge Young.  Like the

plaintiffs in Smith, Desmesmin is a minority who took the same 2008 exam as ruled upon in that

case, and he suffered the same discrimination in the form of a lower score and delay in

promotion.

## COUNT I (Title VII of Civil Rights Act of 1964)

35.     The conduct of the defendant, City of Boston, in conducting, administering, and

utilizing a promotional examination system for the position of lieutenant in the Boston Police

Department that has a severe disparate impact on minority candidates, cannot be shown to be job

related and is not valid in accordance with EEOC guidelines is unlawful.  In addition, there are

many less discriminatory examination procedures which would have less discriminatory impact.

Thus, the Defendant's actions violate Title VII of the Civil Rights Act of 1964, 42 U.S.C.

§2000(e).

<u>COUNT II (Mass. Gen. Laws ch. 151B)</u>

36.     The conduct of the defendant, City of Boston, in conducting, administering, and utilizing a promotional examination system for the position of lieutenant in the Boston Police Department that has a severe disparate impact on minority candidates, cannot be shown to be job related and is not valid in accordance with EEOC guidelines is unlawful.  In addition, there are many less discriminatory examination procedures which would have less discriminatory impact. Thus, the Defendant's actions violate Mass. Gen. Laws ch. 151B.


        WHEREFORE, Plaintiff requests this Honorable Court to issue appropriate injunctive, declaratory, and compensatory relief which 1) requires the Boston Police Department to utilize a nondiscriminatory promotional examination procedure for the position of lieutenant, 2) grants injunctive and declaratory relief preventing defendant from using their current promotional procedure, 3) grants plaintiff injunctive and compensatory relief including back pay and other damages, including reasonable attorneys' fees and costs, and 4) grants such other and further relief as this Court deems just and proper.

Respectfully submitted,

STANLEY DESMESMIN

By his attorneys,


/s/ Harold Lichten
Harold Lichten, BBO#549689
Benjamin Weber, BBO#673736
Zachary Rubin, BBO#704485
Lichten & Liss-Riordan, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02114
(617) 994-5800
hlichten@llrlaw.com
bweber@llrlaw.com


Stephen Churchill, BBO# 564158
Fair Work, P.C.
192 South Street, Suite 450
Boston, MA 02111
(617) 607-3262
steve@fairworklaw.com

DATED:  October 21, 2019