```
                   UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS
_____
                                      )
STANLEY DESMESMIN,                    )
                                      )
                Plaintiff,            )
                                      )
        v.                            )       CIVIL ACTION
                                      )       NO. 19-12170-WGY
CITY OF BOSTON,                       )
                                      )
                Defendant.            )
                                      )
_____)
```

YOUNG, D.J.                                            April 30, 2020

**MEMORANDUM AND ORDER**

**I.   INTRODUCTION**

This motion to dismiss presents tricky procedural issues as to the tolling of the statute of limitations for absent members of a putative class action.  The plaintiff here is a hanger-on plaintiff to the long-running litigation in Smith v. City of Boston, Civ. A. No. 12-10291-WGY, who unsuccessfully tried to intervene late in the game and now brings a separate case.  The complexity derives partly from the clouded body of law flowing from American Pipe & Construction Co. v. Utah, 414 U.S. 538 (1974), and partly from the convoluted path of the Smith case.

The plaintiff, Stanley Desmesmin ("Desmesmin"), first filed his claims well beyond the statute of limitations periods for Title VII and its state-law analogue, yet argues that he

benefited from equitable tolling until the Smith plaintiffs' motion for class certification was definitively denied with prejudice in June of 2019.[1]  The City of Boston ("Boston") argues that the equitable tolling ceased long ago, specifically when the trial on the merits began in December of 2014.

Boston has the better of this argument.  Although there is a dearth of relevant case law explaining precisely when the equitable tolling period ceases, persuasive precedent from the Fourth Circuit teaches that equitable tolling extends only "as far as is justified by the objectively reasonable reliance interests of the absent class members."  Bridges v. Department of Maryland State Police, 441 F.3d 197, 211 (4th Cir. 2006).  It was not objectively reasonable for Desmesmin to rely on the Smith plaintiffs to represent his interests for five years after the motion for class certification had been denied (without prejudice), through the trial on the merits and litigation over reconsideration.  Thus, the Court rules that the tolling ceased long ago and ALLOWS the motion to dismiss.

## II.   PROCEDURAL AND FACTUAL BACKGROUND

Desmesmin is a black Haitian-American who, while a sergeant with the Boston Police Department, took the 2008

---

[1] For the factual and legal details of the Smith litigation, see generally Smith v. City of Boston, 144 F. Supp. 3d 177 (D. Mass. 2015); Smith v. City of Boston, 267 F. Supp. 3d 325 (D. Mass. 2017).

lieutenants' promotional exam and received a high score of 87. Compl. ¶¶ 1, 7, 9.  He was not promoted to lieutenant until March 29, 2014.  Id. ¶ 1.

Six years ago, on March 25, 2014, this Court denied without prejudice the Smith plaintiffs' motion for class certification. Electronic Clerk's Notes, Smith v. City of Boston, Civ. A. No. 12-10291 ("Smith Docket"), ECF No. 70.  According to the Smith plaintiffs, "the parties understood that the Court wished to revisit this issue after addressing the merits."  Pls.' Renewed Mot. Class Cert. 2, Smith Docket, ECF No. 255.  Boston, however, asserts that "the City had no such understanding and the Court's Order in no way indicates that it was intending to proceed on this extraordinary basis."  Opp'n Renewed Mot. Class Cert. 5 n.5, Smith Docket, ECF No. 259.

Whatever the parties' understanding at the time, the plaintiffs did not renew their motion to certify a class until almost five years later, on May 22, 2019.  Smith Docket, ECF No. 255.  That motion was denied with prejudice at a hearing on June 13, 2019.  Electronic Clerk's Notes, id., ECF No. 264.  A week later, on June 21, 2019, Desmesmin and others moved to intervene.  Id., ECF No. 267.  Boston assented to the intervention of those plaintiffs who had timely filed complaints with the Massachusetts Commission Against Discrimination, but not to Desmesmin's intervention because he had never filed a

[3]

complaint anywhere and thus, Boston argued, his complaint was untimely. Id., ECF No. 280. Desmesmin then filed his complaint with the Commission on July 12, 2019, but no action had been taken; thus, in a written Order, the Court stayed Desmesmin's motion to intervene pending exhaustion of administrative remedies. Order, Smith Docket, ECF No. 281. Desmesmin received his right-to-sue letter from the Commission on August 28, 2019. Compl. ¶ 4. He then renewed his motion to intervene but the Court denied the motion on September 24, 2019. Electronic Order, Smith Docket, ECF No. 288.

Unable to intervene in the Smith case, Desmesmin brought this separate action on October 21, 2019, seeking to take advantage of Boston's liability for the 2008 lieutenants' exam on the grounds of res judicata. Compl. ¶¶ 29-34. Boston has moved to dismiss the complaint as untimely. ECF No. 7; Def. Boston's Mem. L. Supp. Mot. Dismiss Fees ("Def.'s Mem."), ECF No. 8. Desmesmin opposes the motion. Pl.'s Opp'n Def. Boston's Mot. Dismiss ("Pl.'s Opp'n"), ECF No. 17. The Court heard oral argument on the motion at a hearing held at Suffolk Law School on February 11, 2020 and took the matter under advisement. Electronic Clerk's Notes, ECF No. 18.

**III. ANALYSIS**

    **A.   The Legal Framework**

Under the Supreme Court's American Pipe line of cases, a pending class action motions tolls the statute of limitations for all purported members of the class until "after the court has found the suit inappropriate for class action status." American Pipe & Construction Co. v. Utah, 414 U.S. 538, 553 (1974); Crown, Cork & Seal Co. v. Parker, 462 U.S. 345, 350 (1983) (applying tolling to putative class members who "prefer to bring an individual suit rather than intervene").  The Supreme Court has recently explained that the American Pipe principle is one of equitable tolling.  China Agritech, Inc. v. Resh, 138 S. Ct. 1800, 1808-09 (2018) (discussing "American Pipe's equitable-tolling exception to statutes of limitations"). As the Second Circuit has put it: "American Pipe and Crown, Cork represent a careful balancing of the interests of plaintiffs, defendants, and the court system.  Flexibility, notice, and efficiency are the watchwords of these opinions."  Korwek v. Hunt, 827 F.2d 874, 879 (2d Cir. 1987).

This equitable tolling continues until the case is "stripped of its character as a class action," which usually occurs upon denial of class certification. United Airlines, Inc. v. McDonald, 432 U.S. 385, 393 (1977) (quoting Advisory Committee's Note on 1966 Amendment to Rule 23, 28 U.S.C.App.

[5]

7767); see Fernandez v. Chardon, 681 F.2d 42, 48 (1st Cir. 1982), aff'd sub nom. Chardon v. Fumero Soto, 462 U.S. 650 (1983).

Two circuit courts appear to have split over whether denial of class certification without prejudice stops the tolling period. The Third Circuit has held that tolling "continue[s] until a final adverse determination of class claims," which occurs only when the motion is denied with prejudice. Yang v. Odom, 392 F.3d 97, 102 (3d Cir. 2004) (emphasis added) (quoting Edwards v. Boeing Vertol Co., 717 F.2d 761, 766 (3d Cir. 1983)), overruled on other grounds, China Agritech, 138 S. Ct. 1800 (2018). Yet the Fourth Circuit has held "that American Pipe tolling extends [only] as far as is justified by the objectively reasonable reliance interests of the absent class members." Bridges, 441 F.3d at 211. Therefore, denial of class certification, even when done without prejudice as "a case management device," is "notice to objectively reasonable putative class members to seek clarification or to take action." Id. at 213.

**B.   Desmesmin's Complaint Is Time-Barred**

Boston argues that the start of the trial on the merits on December 15, 2014 "stripped [Smith] of its character as a class action" and therefore ended the tolling period. Def.'s Mem. 3. In support of choosing this date, Boston relies primarily on the

[6]

following dicta from the First Circuit's opinion in <u>Danny B. ex rel. Elliott</u> v. <u>Raimondo</u>:

> [W]e are aware of no precedent authorizing a district court, over objection, to conduct a full-blown trial on the merits without pausing to take up a timely motion for class certification. The reason for this lack of precedent seems obvious: at best, trying the individual claims first may prove inefficient; at worst, doing so may create substantial prejudice. The bottom line is that staging a case in this manner puts the cart before the mule.

784 F.3d 825, 838 (1st Cir. 2015) (citations omitted).

Boston argues that this admonition effectively prohibited the Court from certifying a class once the merits trial began in December of 2014, and so the tolling stopped at that point. Desmesmin dismisses this argument by noting that this passage is only dicta and signifies nothing more than "the First Circuit merely remind[ing] the District Court that, as a general matter, the court should resolve a pending motion for class certification prior to trial." Pl.'s Opp'n 11. It is true that <u>Danny B.</u> referred to resolving "a timely motion for class certification" before trial, which distinguishes the passage from <u>Smith</u> where no motion for class certification was pending before trial. Yet the First Circuit's language certainly indicates that it would be highly unusual to certify a class after a trial, and generally ought not be done. This alone does not answer the question of <u>American Pipe</u> tolling because

[7]

Desmesmin argues that class certification was still technically possible even after the trial.

The most analogous and persuasive case, albeit not cited by either party, is the Fourth Circuit's opinion in Bridges. In that case, 18 individual plaintiffs brought a class action against the Maryland State Police for racial profiling in traffic stops on I-95. 441 F.3d at 202. The district court initially denied the motion for class certification without prejudice but provided "that the motion would 'automatically [be] considered renewed' if the plaintiffs replied to the defendants' opposition to class certification." Id. at 203. That never happened; instead, the parties reached a settlement relating only to the named plaintiffs. Id. The plaintiffs wrote to the court and stated that their motion for class certification was now moot. Id. The named plaintiffs advised the absent purported class members that they were on their own, yet two years went by before some of those absent class members sought to intervene. Id. at 204. The district court ruled that the would-be intervenors were time-barred because American Pipe tolling had ended, and the Fourth Circuit affirmed. Id. at 213.

Although Bridges is in some ways distinguishable from the Smith/Desmesmin drama -- particularly because there the named plaintiffs expressly told the court that they had abandoned a class action effort -- the Fourth Circuit's reasoning applies

[8]

here.  The Fourth Circuit reasoned that "[b]ecause statutes of limitations provide notice to all parties . . . American Pipe cannot be understood to authorize ignoring a district court's administrative order denying class certification in favor of relying on plaintiffs' conduct abandoning all or part of a class action or simply manifesting a loss of interest through inaction."  Id. at 212-13 (emphasis added).  Rather, "the goal of American Pipe [is] to protect class members' objectively reasonable reliance interests."  Id. at 210.  Accordingly,

> even though the district court intended its order denying class certification to be a case management device, the order was notice to objectively reasonable putative class members to seek clarification or to take action.  For when the district court's administrative denial defers to the representative parties who can progressively abandon the class, the necessary clarity of a statute of limitations is destroyed, contrary to the clear intent of American Pipe and Crown, Cork & Seal, without furthering the purpose of protecting reasonable reliance by absent putative class members.

Id. at 213.

This reasoning persuades the Court.  See also Giovanniello v. ALM Media, LLC, 726 F.3d 106, 117 (2d Cir. 2013) ("This objectively reasonable reliance rationale breaks down once the district court disallows class status.").  Desmesmin had no objectively reasonable justification to rely upon the Smith plaintiffs to vindicate his rights after the motion for class certification was denied in 2014 and those plaintiffs tarried

[9]

for five years before renewing the motion -- including going through a full trial on the merits and up and down the First Circuit.  At some point he should have injected himself into the case in order to preserve his claims.  It is not easy to determine exactly when that point of no return happened -- either with the initial denial of class certification without prejudice, as the Fourth Circuit would have it, or with the start of the trial on the merits, as Boston argues (relying on the First Circuit's Danny B. dicta) -- but it is plain enough that the time has passed long ago.

One other consideration supports this conclusion.  The Supreme Court has recently clarified that American Pipe is a species of equitable tolling and, "[o]rdinarily, to benefit from equitable tolling, plaintiffs must demonstrate that they have been diligent in pursuit of their claims."  China Agritech, 138 S. Ct. at 1808.  Thus, the Supreme Court explained that American Pipe tolling generally applies only where the latecomers have "not slept on their rights."  Id.  Whatever Desmesmin's rationale for his long slumber before intervening and then filing his own claim -- over seven years since the Smith plaintiffs first brought their case in February of 2012 -- "diligent" he was not.

**C.   Attorney's Fees**

Boston ambitiously requests attorney's fees.  Def.'s Mem. 5; 42 U.S.C. § 2000e-5(k) ("In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee (including expert fees) as part of the costs.").  There are no grounds that would warrant punishing Desmesmin in this manner, so the Court DENIES this request.

**IV.   CONCLUSION**

For the foregoing reasons, the Court ALLOWS Boston's motion to dismiss, ECF No. 7, and the complaint is DISMISSED as untimely.

**SO ORDERED.**

/s/ William G. Young_
WILLIAM G. YOUNG
DISTRICT JUDGE